19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FOREMOST INSURANCE COMPANY, a Michigan Corporation,
Plaintiff-counter-defendant-appellee,
v.
Gerald FICK, Defendant-counter-plaintiff-appellant,
American Bankers Insurance Company, Counter-defendant-appellee.
 No. 92-55659.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1993.
Decided March 11, 1994.
 
 Before: TANG, D.W. NELSON, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gerald Fick ("Fick") appeals the district court's declaratory judgment in favor of Foremost Insurance Company and American Bankers Insurance Company (collectively "his insurers") holding that Fick failed to prove that his insurers had a duty to indemnify him for any of the sum that he contributed to his settlement. Fick also appeals the district court's denial of leave to amend his cross-complaint to include a claim for a breach of the implied covenant of good faith and fair dealing. We affirm.
 
 I.
 
 3
 In a previous appeal to this court, we held that Fick reserved his right to bring a suit for reimbursement from his insurers for the $200,000 that he contributed to the $600,000 settlement in his case. Foremost Ins. Co. v. Fick, No. 89-56211 at 6-9 (9th Cir. Mar. 26, 1991). We also held that Fick's insurers had a duty to indemnify Fick for only those damages covered under the insurance policies, and that therefore, to recover his settlement contribution, Fick must prove that his insurers had a duty to indemnify him for some or all of the $200,000 that he contributed. Id. at 8.
 
 
 4
 On remand, the district court found that Fick failed to meet his burden of proving coverage. The district court made the following findings of fact:
 
 
 5
 (50) There was no evidence presented at trial that any plaintiff in the underlying action suffered an item of damage for which Gerald Fick was legally obligated to pay.
 
 
 6
 (51) There was no evidence presented at trial of the allocation of the settlement as to covered or noncovered damage.
 
 
 7
 (52) There was no evidence presented that the money Gerald Fick contributed to the settlement represented the payment of a claim covered under the policies under consideration.
 
 
 8
 (53) There was no evidence presented at trial that any plaintiff in the underlying action suffered an item of damage for which the insurers, Foremost or American Bankers were obligated to indemnify Mr. Fick.
 
 
 9
 Based on these findings of fact, the district court reached the following conclusions of law:
 
 
 10
 (3) Counter-claimant has not proven that the insurers had a duty to indemnify him for some or all of the sum he contributed to the settlement of the underlying claim.
 
 
 11
 (4) Counter-claimant is not entitled to reimbursement of the sum he contributed to the settlement of the underlying action, nor is counter-claimant entitled to attorney's fees incurred in seeking such reimbursement.
 
 
 12
 On appeal, Fick points to nothing in the record that contradicts any of the district court's findings of fact. While there were both covered and uncovered claims, Fick was not relieved of his burden of proving what part of his settlement contribution was for covered claims for which he was entitled to reimbursement. The district court properly placed this burden upon Fick, and its findings of fact are not clearly erroneous.[1]
 
 II.
 
 13
 On remand, Fick moved for leave to amend his cross-complaint to allege that his insurers breached the implied covenant of good faith and fair dealing contained within the insurance policies. The amendment was essentially identical to a previous amendment which was denied by the district court and affirmed by us in Fick's previous appeal because of undue delay. Foremost, No. 89-56211 at 4-6. After briefing and oral argument, the district court again denied Fick's motion for leave to amend his cross-complaint.
 
 
 14
 Amendment of the pleadings on remand is permitted, but the amendment cannot be inconsistent with the appellate court's mandate. Beverly Hills Bancorp v. Hine, 752 F.2d 1334, 1337 (9th Cir.1984). Our remand provided first, that Fick had to "prove that the insurers had a duty to indemnify him for some or all" of his settlement contribution, and further directed the district court "to determine the appropriate levels of contribution to the Ball settlement" for each party. Constrained as the court was by our remand, it was not an abuse of its discretion to deny the motion to amend.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fick contends that Duke v. Hoch, 468 F.2d 973 (5th Cir.1972), which shifted the burden of persuasion on allocation to an insurer who failed to inform an insured (unrepresented by counsel) of the right to special interrogatories allocating coverage, see id. at 978-79, 984, indicates that the insurers in this action should bear the burden of persuasion on allocation. We need not decide if the principle announced in Duke applies to the circumstances of this case. Having failed to demonstrate that the settlement embraced any item covered by the policies, no issue of allocation arises